Filed 6/28/13  In re Luis M. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re LUIS M., a Person Coming Under the Juvenile Court Law. | |
| | D062925 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. JCM232109) |
| v. | |
| LUIS M., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Browder A. Willis, III, and Carlos O. Armour, Judges.  Affirmed.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

A petition filed in juvenile court under Welfare and Institutions Code section 602 alleged Luis M. unlawfully transported and imported methamphetamine (Health & Saf. Code,[1] § 11379, subd. (a); counts 1 and 2), and possessed methamphetamine for sale (§ 11378; count 3). After trial, the court made true findings as to counts 1 and 3, but dismissed count 2 as being included in the factual basis of count 1 under Penal Code section 654. The court declared Luis a ward of the court but released him to live with his parents in Tijuana, Mexico. The court ordered Luis to report to his probation officer whenever he came to the United States for more than a few days.

On appeal, Luis contends the court abused its discretion by excluding expert testimony calculated to establish the reasonableness of his duress defense and by refusing to allow him to lay a foundation for the expert witness testimony. Luis argues the court's ruling violated his constitutional right to present an adequate defense, and thus reversal of the true findings is required. We affirm the judgment.

FACTS

On August 22, 2012, 16-year-old Luis attempted to cross from Mexico into the United States at the Otay Mesa port of entry through the pedestrian gate. After giving his United States passport card to Customs and Border Protection Officer Jorge De Guzman Limfueco and stating he had nothing to declare, Luis began to pass through the turnstile. At that point, Officer Limfueco noticed something bulging from Luis's abdomen, he

---

[1]    Further statutory references are to the Health and Safety Code unless otherwise specified.

lifted up Luis's shirt, and found gauze wrapped around him. Luis was handcuffed and escorted to the security office for further investigation by officers assigned to that task. The officers found bags of white powder strapped to Luis's abdomen and thighs. The substance was later confirmed to be 99 percent pure methamphetamine with a street value of nearly $80,000.[2]

At trial, Luis testified that he had been playing soccer in his Tijuana neighborhood with friends on the day he was arrested. At the conclusion of the game, Jose C., an acquaintance, asked if he would like to play another game of soccer with a larger group in Otay, Mexico. Luis and Jose went to a house where Luis believed they were stopping to pick up more players. Several people who were at the house began laughing at Luis. Someone said, "You're here because you're going to do something and if you don't do it, we're going to waste you, we'll break you." Luis protested to no avail and believed he had no choice but to follow the orders. Someone then taped the drugs to Luis's body, drove him to the border crossing at Otay Mesa, and Luis was told to walk straight through to the United States. He said that he had no further instructions once he crossed the border and he was not being compensated in any way. Luis testified that he was terrified the entire time and was repeatedly crying.

---

[2]     The petition originally alleged Luis possessed more than a kilogram of methamphetamine (§ 11370.4, subd. (b)(1)). However, laboratory testing revealed the bags contained 998.3 grams of methamphetamine, just shy of a kilogram. Thus, that allegation was dismissed.

The officers who interacted with Luis testified that he had a "calm" demeanor as he interacted with the primary officer and attempted to cross through the pedestrian turnstile. Luis remained calm through the initial searches and did not appear distressed until later in the interviewing process.

In support of his duress defense, Luis sought to present Victor Clark Alfaro as an expert witness regarding the human rights situation in Tijuana and the reality of the violent ramifications of the drug culture. Before trial, the People moved to exclude the testimony. The court reserved its ruling until after the defense presented the rest of its case. After Luis testified, his counsel attempted to call Alfaro. The People again objected, arguing duress was an issue for the trier of fact. The court excluded the testimony, finding the expert had nothing to add to the court's knowledge of the subject, duress was an issue for the trier of fact, and the testimony would be an undue consumption of time.

## DISCUSSION

## I

We review the trial court's ruling regarding the admissibility of evidence for abuse of discretion. This standard requires us to defer to the trial court when the issue was within its discretionary power to decide. The "trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377; *People v. McDowell* (2012) 54 Cal.4th 395, 430.)

4

A defense of duress requires the defendant to show that the act was done under such threats or menaces "that he had (1) an actual belief his life was threatened and (2) a reasonable cause for such belief." (*People v. Condley* (1977) 69 Cal.App.3d 999, 1012; see also Pen. Code, § 26.) Alfaro's testimony was offered to support the reasonableness of Luis's belief. The other prong (namely that Luis had an actual belief) would also be required for a duress claim. Here, the court reserved ruling on the People's objection until after Luis had testified. The court found Luis's testimony was not credible. When pressed by defense counsel, the court specifically stated, "I don't believe his testimony." Whatever value Alfaro's testimony might have provided, it could not have compensated for the court's lack of confidence in Luis's credibility. Discussing the "reasonableness" of Luis's fears was moot since the court did not believe Luis had those fears in the first place.

Evidence Code section 801, subdivision (a) permits expert testimony when it is "[r]elated to a subject that is sufficiently beyond common experience that the opinion of an expert would assist the trier of fact." Because this was a bench trial, the court was in a strong position to know both what is beyond its own common experience and what would assist it as the trier of fact. The court noted it had more than 30 years of experience living along the border, handling numerous narcotics cases, and stated, "There is nothing this witness can add to the court that the court isn't already aware of." The trial court's assessment of the potential value of the expert testimony was neither irrational nor

arbitrary. Thus, the court properly exercised its discretion by excluding Alfaro's testimony.[3]

Further, even if the court erred by excluding the expert testimony, a judgment may not be reversed on appeal unless the error caused a "miscarriage of justice." (Cal. Const., art. VI, § 13.) The prejudicial effect of an error must be examined and may be found harmless. The *Watson* test applies to errors of state law. Under that standard, we affirm the judgment unless there is a reasonable probability that a result more favorable to the appellant would have been reached in the absence of the error. (*People v. Watson* (1956) 46 Cal.2d 818, 836.) A reasonable probability is one sufficient to undermine the confidence in the outcome of the proceedings. (*Strickland v. Washington* (1984) 466 U.S. 668, 694; *In re Neely* (1993) 6 Cal.4th 901, 909.) Here, there is little probability of a different result due to the court's express statements about Luis's credibility. Thus, any error is harmless.

---

[3]    Luis also argues the court erred by sustaining the People's objection to the expert witness based on undue expenditure of time. He asserts the court can exclude evidence if its admission will "necessitate undue consumption of time," but only if that outweighs the probative value of the evidence. (*People v. Minifie* (1996) 13 Cal.4th 1055, 1069.) While that is true, the court did not base its decision solely, or even primarily, on the amount of time the testimony would take. The court's rationale that the expert testimony would not assist the trier of fact was itself sufficient basis for excluding the evidence.

In addition, because Luis does not argue Alfaro's testimony was intended to do anything other than establish the reasonableness of his fears for a duress defense, there was no reversible error committed by preventing defense counsel from laying the foundation for the testimony.

DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

HUFFMAN, J.

O'ROURKE, J.